**SHIYAN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney**

---

* The Honorable Lawrence E. Kahn, United States District Judge for the Northern District of New York, sitting by designation.

**General of the United States,[1]**
**Respondent.**

No. 07–3977–ag.

United States Court of Appeals,
Second Circuit.

Dec. 11, 2008.

Robert J. Adinolfi, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Richard M. Evans, Assistant Director, Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. PETER W. HALL, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**46**

### SUMMARY ORDER

Shiyan Chen, a native and citizen of the People's Republic of China, seeks review of an August 24, 2007 order of the BIA denying his motion to reopen his deportation proceedings. *In re Shiyan Chen*, No. A72 780 730 (B.I.A. Aug. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006).

■ An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Chen's motion to reopen as untimely where it was filed more than ten years after the BIA's decision dismissing his appeal from the IJ's denial of relief. *See* 8 C.F.R. § 1003.2(c)(2).

■ Moreover, we find no error in the BIA's conclusion that Chen failed to establish materially "changed circumstances arising in the country of nationality" excusing the untimely filing of his motion. *See id.* In his brief before this Court, Chen does not challenge the BIA's findings that: (1) although he appeared to suggest that his prior counsel was ineffective, he failed to comply with the requirements for setting forth an ineffective assistance of counsel claim and did not submit any evidence indicating that he pursued

any such claim with due diligence; and (2) the letters he submitted failed to establish changed country conditions because they contained no indicia of reliability and, in any case, were from individuals who did not live in Chen's village. Accordingly, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Before this Court, Chen primarily argues that the documents that this Court considered in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), demonstrate a policy in China of forcibly sterilizing persons with two or more children. He asserts that the BIA abused its discretion when it failed to consider the *Shou Yung Guo* documents because they were in its possession "as a result of two reported decisions." Chen, however, did not submit those documents with his motion; thus, they were not in the record to be considered by the BIA.[2]

■ Chen cites no support for the proposition that the BIA abuses its discretion when it declines to consider evidence that is not in the record merely because it was in the record of a different case. Indeed, it was Chen's burden to present evidence to support his motion. See 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Nor will this Court remand for the agency to consider extra-record evidence. *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–70 (2d Cir.2007) (emphasis added); *see also id.* at 263 (noting that the "regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence"). Here, Chen filed his motion to reopen in January 2007, after this Court decided *Shou Yung Guo*. While he argued

---

**2.** In any event, we recently found no error in the BIA's conclusion, announced in precedential decisions, that the documents addressed in *Shou Yung Guo* did not reflect a policy of forced sterilization either at the national level or in Fujian province. *See Shao v. Mukasey*, 546 F.3d 138, 162–73 (2d Cir.2008); *see also Matter of S–Y–G–*, 24 I. & N. Dec. 247, 254–59 (B.I.A.2007); *Matter of J–W–S–*, 24 I. & N. Dec. 185, 189–95 (B.I.A.2007).

that the *Shou Yung Guo* documents were material to his claim, he inexplicably failed to submit them with his motion to reopen. Accordingly, we cannot conclude that the BIA abused its discretion in declining to consider those documents. *See id.* at 262.[3]

Finally, Chen's reliance on *Qun Yang v. McElroy*, 277 F.3d 158 (2d Cir.2002), and *Belishta v. Ashcroft*, 378 F.3d 1078 (9th Cir.2004), is misplaced. In *Qun Yang*, this Court reviewed a BIA decision issued years after the IJ decision it affirmed and remanded for the limited purpose of allowing the BIA to consider a motion to reopen based on more recent country conditions. 277 F.3d at 163. Similarly, in *Belishta*, the Ninth Circuit stayed its mandate to allow the petitioner to file a motion to reopen in order to apply for newly available relief. 378 F.3d 1081. Yet, Chen seeks review of the agency's denial of a motion to reopen, a motion in which he had the opportunity to present evidence material to his claim. Accordingly, as his case is in an entirely different procedural posture than the petitioners in *Qun Yang* and *Belishta*, his reliance on those cases is ultimately unavailing.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**3.** Chen's suggestion that remand is appropriate based on the documents we addressed in *Zhi Yun Gao v. Mukasey*, 508 F.3d 86 (2d Cir.2007), fails for the same reason. *See Xiao Xing Ni*, 494 F.3d at 269–70.