**YAN JIANG, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General of the United States, Respondent.**

**No. 07–5374–ag.**

United States Court of Appeals, Second Circuit.

Dec. 23, 2008.

Robert J. Adinolfi, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Richard M. Evans, Assistant Director, Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. WALKER, Circuit Judges.

### SUMMARY ORDER

Yan Jiang, a native and citizen of the People's Republic of China, seeks review of an October 31, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Yan Jiang*, No. A77 993 647 (B.I.A. Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Nonetheless, "agency fact-finders have a particular duty to consider relevant

evidence of country conditions when a petitioner bases a motion to reopen on a purported change in those conditions." *Id.* *Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). Thus, where such consideration has been given, we review the BIA's factfinding for "substantial evidence." An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Jiang's motion to reopen as untimely where it was filed more than two years after the BIA's decision dismissing his appeal from the IJ's denial of relief. *See* 8 C.F.R. § 1003.2(c)(2).

Moreover, we find no error in the BIA's conclusion that Jiang failed to establish materially "changed circumstances arising in the country of nationality" demonstrating his *prima facie* eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(3)(ii). In his brief before this Court, Jiang does not challenge the BIA's findings regarding his illegal departure claim. Accordingly, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

■ Before this Court, Jiang primarily argues that the documents that this Court considered in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), demonstrate a policy in China of forcibly sterilizing persons with two or more children. He asserts that the BIA abused its discretion when it failed to consider the *Shou Yung Guo* documents because they were in its possession "as a result of two reported decisions." Jiang, however, did not submit those documents with his motion; thus, they were not in the record to be considered by the BIA.[1]

It was Jiang's burden to present evidence to support his motion. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Nor will this Court remand for the agency to consider extra-record evidence. *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007); *see also id.* at 263 (noting that the "regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence"). Here, Jiang filed his motion to reopen in April 2007, after this Court decided *Shou Yung Guo.* While Jiang argued that the *Shou Yung Guo* documents were material to his claim, he did not submit them with his motion to reopen. Accordingly, we cannot conclude that the BIA abused its discretion in declining to consider those documents. *See id.* at 262.[2]

Jiang also argues that the IJ failed to adequately address the newspaper articles he submitted with his motion. However, the BIA found that those articles indicated that while "some provinces" and "many towns" in Fujian Province adhered to a stringent family planning policy, none of the articles indicated that was the case in Jiang's hometown of Fuzhou. In the absence of evidence suggesting that Jiang

1. In any event, we recently found no error in the BIA's conclusion, announced in precedential decisions, that the documents addressed in *Shou Yung Guo* did not reflect a policy of forced sterilization either at the national level or in Fujian province. *See Shao,* 546 F.3d at 163; *see also Matter of S–Y–G–,* 24 I. & N. Dec. 247, 254–59 (B.I.A.2007);

*Matter of J–W–S–,* 24 I. & N. Dec. 185, 189–95 (B.I.A.2007).

2. Jiang's suggestion that remand is appropriate based on the documents we addressed in *Zhi Yun Gao v. Mukasey,* 508 F.3d 86 (2d Cir.2007), fails for the same reason. *See Xiao Xing Ni,* 494 F.3d at 269–70.

would be forcibly sterilized upon his return, we are not compelled to reach a conclusion contrary to that of the BIA. *Cf. Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (holding that a petitioner's fear was "speculative at best" in the absence of solid support in the record for the assertion that the petitioner would be subjected to persecution on account of his two children born in the United States). The BIA concluded that the letters he submitted were not material because his children were born in the United States. Jiang does not challenge that conclusion, and we deem that any challenge to it has been waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

Finally, Jiang's reliance on *Qun Yang v. McElroy,* 277 F.3d 158 (2d Cir.2002), and *Belishta v. Ashcroft,* 378 F.3d 1078 (9th Cir.2004), is entirely misplaced. In *Qun Yang,* this Court reviewed a BIA decision issued years after the IJ decision it affirmed, and remanded for the limited purpose of allowing the BIA to consider a motion to reopen based on more recent country conditions. 277 F.3d at 163. Similarly, in *Belishta,* the Ninth Circuit stayed its mandate to allow the petitioner to file a motion to reopen in order to apply for newly available relief. 378 F.3d at 1081. Jiang however, challenges the denial of a motion to reopen, a motion in which he had the opportunity to present recent evidence material to his claim. Accordingly, as his case is in an entirely different procedural posture than the petitioners in *Qun Yang* and *Belishta,* his reliance on those cases is unavailing.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).