SUMMARY ORDER

Wang-Hua Lin, a native and citizen of the People’s Republic of China, seeks review of a September 20, 2007 order of the BIA denying her motion to reopen her exclusion proceedings. In re Wang-Hua Lin, No. A72 468 280 (B.I.A. Sept. 20, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that *547 such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).
The BIA did not abuse its discretion in denying Lin’s motion to reopen. The Immigration and Nationality Act (“INA”) and its implementing regulations require that a motion to reopen be filed within ninety days of the issuance of a final administrative order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This time limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal “based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.” 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is indisputable that Lin’s motion to reopen was untimely. Lin argues “changed country conditions” on the basis of the documents that this Court considered in Shou Yung Guo v. Gonzales, 463 F.3d 109 (2d Cir. 2006), and contends that the BIA abused its discretion when it failed to consider the Guo documents because they were in its possession “as a result of two reported decisions.” Lin, however, did not submit the Guo documents with her motion; thus, they were not in the record to be considered by the BIA.
Lin cites no support for the proposition that the BIA abuses its discretion when it declines to consider evidence that is not in the record merely because it was in the record of a different case. Indeed, it was Lin’s burden to present evidence to support her motion. See 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Nor will this Court remand for the agency to consider extra-record evidence. Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269-70 (2d Cir.2007); see also id. at 262 (noting that the “regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence”). Lin filed her motion to reopen in April 2007, after this Court decided Shou Yung Guo, but she did not submit the so-called Guo documents with her motion to reopen. Accordingly, we cannot conclude that the BIA abused its discretion in declining to consider the Guo documents. See id. at 262.**
Finally, Lin’s reliance on Qun Yang v. McElroy, 277 F.3d 158 (2d Cir.2002), and Belishta v. Ashcroft, 378 F.3d 1078 (9th Cir.2004), is misplaced. In Qun Yang, this Court reviewed a BIA decision issued years after the IJ decision and remanded for the limited purpose of allowing the BIA to consider a motion to reopen based on more recent country conditions. 277 F.3d at 163. Similarly, in Belishta, the Ninth Circuit stayed its mandate to allow the petitioner to file a motion to reopen in order to apply for newly available relief. See 378 F.3d at 1081. Lin, however, seeks review of the agency’s denial of a motion to reopen, a motion in which she had the opportunity to present recent evidence material to her claim.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule *548 of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

 Lin’s suggestion that remand is appropriate based on the documents we addressed in Zhi Yun Gao v. Mukasey, 508 F.3d 86 (2d Cir. 2007), fails for the same reason. See Xiao Xing Ni, 494 F.3d at 269-70.