**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| EVAN YOUSIF,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER , Attorney General,<br><br>              Respondent. | No. 05-70790<br><br>Agency No. A096-227-365<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2008[**]
Pasadena, California

Before: PREGERSON, D.W. NELSON and THOMPSON, Circuit Judges.

Petitioner Evan Yousif petitions for review of the BIA's decision affirming

the Immigration Judge's ("IJ") denial of his applications for asylum, withholding

of removal, and protection under the Convention Against Torture (CAT). We deny

the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Where, as here, the BIA affirms the IJ's decision based upon its agreement with the IJ's factual findings and application of legal standards, the court reviews the decision of the IJ. *Deloso v. Ashcroft*, 393 F.3d 858, 863 (9th Cir. 2005). The court reviews the IJ's legal determinations de novo and reviews the agency's factual determinations for substantial evidence. *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir. 2005).

The IJ denied Petitioner's application for asylum because, *inter alia*, even if Petitioner was credible, he still failed to establish a well-founded fear of persecution by non-governmental actors in Iraq, namely the Wahabi and Shi'a sects of the Muslim religion. Persecution by non-governmental individuals may serve as the basis for an asylum claim if the government is unwilling or unable to control the persecution. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004). Evidence of whether victims reported persecution by non-governmental actors to the relevant authorities is therefore relevant. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1057–58 (9th Cir. 2006); *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Reports to authorities are unnecessary "if . . . [an applicant] can convincingly establish that doing so would have been futile or have subjected him to further abuse." *Ornelas-Chavez*, 458 F.3d at 1058.

The IJ found that Petitioner did not prove governmental authorities were unwilling or unable to control the kind of violence that Petitioner alleged. Substantial evidence supports this finding. Petitioner reported to the Iraqi police that Wahabis had come into his store, broken some liquor bottles and threatened to kill him if he did not close his business. Wahabis did not trouble Petitioner or his business again before he left Iraq ten months later.

The evidence also shows that petitioner's family members failed to contact the governmental authorities in response to alleged attacks by the Wahabi and Shi'a. *See id*. at 1057-58. Petitioner failed to show that contacting such authorities would have been futile or would have resulted in further harm. *See id*. at 1058. Although Petitioner offered two articles in support of his claim, these articles do not compel a different conclusion.

Because Petitioner failed to demonstrate that he was eligible for asylum, he did not satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

Because Petitioner failed to develop his argument that he is entitled to CAT relief, it is waived. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

Finally, Petitioner's argument that *Liti v. Gonzales*, 411 F.3d 631 (6th Cir. 2005), and *Belishta v. Ashcroft*, 378 F.3d 1078 (9th Cir. 2004), require remand of this case is meritless. Both cases involve relief under 8 C.F.R. § 1208.13(b)(1)(iii)(B), which provides that, if an alien establishes past persecution but the agency rebuts the presumption of a well-founded fear of future persecution, the agency may grant asylum on the basis of the severity of the past persecution or a reasonable possibility of future serious harm. This is inapplicable to Petitioner because (1) Petitioner concedes that he did not suffer past persecution; (2) Petitioner failed to exhaust his administrative remedies, and thus the Court lacks jurisdiction to consider the regulation, *see Belishta*, 378 F.3d at 1079; and (3) the *Liti* and *Belishta* courts remanded their cases or withheld their mandate only because the regulation became effective before petitioners in those cases, unlike Petitioner here, had filed their appeals to the BIA. *Liti*, 411 F.3d at 641; *Belishta*, 378 F.3d at 1079.

**PETITION DENIED**

4

Yousif v. Holder; No. 05-70790

PREGERSON, Circuit Judge, dissenting:

I dissent. Yousif established that he has a well-founded fear of future persecution in Iraq on account of his Chaldean Christian religion. I would hold him statutorily eligible for asylum and remand to the agency for consideration of whether he merits a discretionary grant of asylum. *See Fedunyak v. Gonzales*, 477 F.3d 1126, 1131 (9th Cir. 2007).

Because the BIA "reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). The BIA did not make an explicit adverse credibility finding or adopt the IJ's credibility finding, so we take Yousif's statements as true. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004) (quoting *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir. 2000)) ("Testimony must be accepted as true in the absence of an explicit adverse credibility finding.").

The BIA affirmed the IJ's decision on the basis that Yousif failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. "A ten percent chance that an applicant will be persecuted in the future is enough to establish a well-founded fear of future persecution." *Ahmed v. Keisler*, 504 F.3d 1183, 1197 (9th Cir. 2007) (citing *Sael v. Ashcroft*, 386

F.3d 922, 925 (9th Cir. 2004)). Yousif established that he has a well-founded fear of future persecution based on his Christian religion.

Yousif is a Chaldean Catholic. Christians comprise less than five percent of the population of Iraq, and hundreds of thousands of Chaldean Christians, one of the oldest Christian communities, have fled their country. *See Gulla v. Gonzales*, 498 F.3d 911, 919 n.1 (9th Cir. 2007). While Yousif lived in Iraq, he operated a liquor store. According to Yousif and the corroborating evidence he submitted, only Christians were permitted to sell alcohol in Iraq. Yousif testified that six Wahabi Muslim individuals came into his store, called him an "infidel," smashed bottles, and threatened him with death if he did not close his store. Yousif testified that the Wahabi individuals viewed his liquor business as unacceptable and "corrupting" to their Muslim faith. Yousif was not targeted as a liquor store owner, but as a Christian "infidel" corrupting Muslims.

Even after Yousif fled Iraq, threats of persecution against him persisted. Wahabi individuals went to his family's home and warned his family that they would kill him if he returned. They also punched Yousif's brother in the face when he said he did not know where Yousif was located.

Yousif's family also suffered persecution on account of their religion by Shi'a individuals. A Shi'a Muslim threatened Yousif's sister in the street because

2

she was wearing pants, and Shi'a Muslims forced their way into his family's house on four occasions and demanded that the family convert to Islam. The evidence offered by Yousif compels the conclusion that he has a well-founded fear of future persecution.

Substantial evidence does not support the finding of the IJ and the BIA that Yousif failed to show that government agents were unwilling or unable to control the non-governmental persecutors. Yousif provided both country condition evidence and individualized evidence of his own experiences demonstrating that the government is unable or unwilling to control his persecutors. In particular, Yousif submitted a 2004 Amnesty International Report which concluded that the Coalition Forces were not able to provide adequate protection and assistance to Iraqi civilians. The report also indicated that attacks on Iraqi police stations and on Coalition Forces heightened the insecurity of Iraqi civilians. The same report documented attacks which have occurred after the war on suspected alcohol vendors by armed Shi'a groups.

Yousif provided individualized evidence that government agents were either unwilling or unable to control the persecution. Despite the fact that Yousif went to the police and reported that the Wahabis had come to his store, the Wahabis returned to his family's home, threatened to kill him, and assaulted his brother.

3

The police were either unwilling or unable to control the persecutors. Yousif also made it clear that the police department would not protect him or his family against the Shi'as' aggressive attempts to convert his family to Islam.

The evidence presented by Yousif compels the conclusion that he faces a grave risk of persecution if returned to Iraq, and that the government forces are either unwilling or unable to control the persecutors. I therefore dissent.

4