Natasha BELISHTA; Franc Belishta;
Desara Belishta, Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70051.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2004.

Filed Aug. 9, 2004.

Susan Rossiter, Immigration Counseling Service, Portland, OR, Philip Smith, Hecht & Smith, L.L.P., Portland, OR, for the petitioners.

John S. Hogan, Anthony P. Nicastro, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

Before REAVLEY,* W. FLETCHER, and TALLMAN, Circuit Judges.

## ORDER

This is an unusual case. For the following reasons, we deny in part and dismiss in part the petition for review. However, in order to allow the Board of Immigration Appeals ("BIA") an opportunity to address an unresolved issue of first impression in this circuit, we stay our mandate for 120 days.

### I

Natasha Belishta seeks asylum under a relatively new immigration regulation, 8 C.F.R. § 1208.13(b)(1)(iii)(B), which provides an opportunity for asylum to certain victims of past persecution who face "serious harm" upon removal, even after conditions in the petitioner's country of origin have improved. This discretionary regulation became effective on January 5, 2001, after the immigration judge ("IJ") denied Belishta's original application for asylum and withholding of removal, and after Belishta appealed her case to the BIA. 8

C.F.R. § 1208.13(b)(1)(iii)(B) was in effect when the BIA summarily affirmed the IJ's decision.

Because Belishta did not seek relief under the new regulation before the BIA (because it was not in existence when she filed her appeal), we lack jurisdiction to consider the merits of this claim. *See Ortiz v. INS*, 179 F.3d 1148, 1152(9th Cir. 1999) (quoting *Olivar v. INS*, 967 F.2d 1381, 1382 (9th Cir.1992)). We therefore dismiss Belishta's claim under 8 C.F.R. § 1208.13(b)(1)(iii)(B) and deny her remaining claims, *see Dinu v. Ashcroft*, 372 F.3d 1041 (9th Cir.2004). In order to allow the BIA an opportunity to reopen Belishta's case to consider in the first instance whether she is entitled to relief under 8 C.F.R. § 1208.13(b)(1)(iii)(B), our mandate shall not issue for 120 days from the date of filing of this Order. *See Olivar*, 967 F.2d at 1382; *see also Ortiz*, 179 F.3d at 1156("It is settled that when the law is changed before a decision is handed down by an administrative agency, the agency must apply the new law."); 8 C.F.R. § 1003.2.[1]

### II

Belishta, a native and citizen of Albania, seeks asylum in the United States for herself and her two children. Because the IJ found her testimony credible and unembellished, we have no reason to disbelieve her story. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000).

Belishta testified that when she was growing up in Albania, her father was

---

\* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. Either party may move this court to extend our stay for good cause shown. In the event that the BIA refuses to reopen petitioner's application for asylum, *see* 8 C.F.R.

§ 1003.2(c), this panel retains jurisdiction over her case, should she petition for review of that decision. *Cf. Sida v. INS*, 665 F.2d 851, 854–55 (9th Cir.1981) (holding that the BIA abused its discretion in denying a motion to reopen).

imprisoned for ten years by government authorities because of his opposition to the communist regime. The IJ determined that the economic and emotional toll of her father's imprisonment constituted past persecution, within the meaning of 8 C.F.R. § 1208.13(b)(1). The IJ noted however that this was "a close issue" and that the persecution suffered by Belishta was not "severe."

Belishta further testified that she and her family faced continued threats and harassment, even after the communist regime was overthrown by revolution in 1990. According to Belishta, agents of the former government wanted to take ownership of Belishta's residence. After an unsuccessful effort to retain the property in the Albanian courts, Belishta's "terrorizers"—a term the IJ employed at the hearing—threatened Belishta and her family, shot out her windows, and set a bomb on her doorstep. The IJ concluded that this harassment rose to a level of violence that would "definitely" constitute persecution, but for the fact that the threats and attacks were not motivated by political opinion or any other protected ground. According to the IJ, the violence and harassment directed at Belishta after the change of governments in Albania was purely financially motivated and therefore, at the time of her hearing, could not support her claim for asylum. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). The IJ denied Belishta's application for asylum, withholding of removal, and relief under the Convention Against Torture on July 16, 1999. The BIA summarily affirmed the IJ's decision on December 6, 2002, and Belishta timely petitioned this court for review.

## III

■ After the IJ denied Belishta's application, but before the BIA affirmed the decision, the Attorney General promulgated 8 C.F.R. § 1208.13(b)(1)(iii)(B), amending eligibility requirements for victims of past persecution seeking asylum in the United States. *See* 65 Fed.Reg. 76,121, 76,133 (Dec. 6, 2000). The new provision provides for discretionary grants of asylum to victims of past persecution who no longer reasonably fear future persecution on account of a protected ground upon removal to his or her home country. Such an applicant "may be granted asylum, in the exercise of the decision-maker's discretion, if ... [t]he applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii)(B). In other words, an applicant who (1) is a legitimate victim of past persecution and (2) demonstrates a reasonable possibility of "other serious harm" upon deportation, is eligible for asylum under the new regulation. *See Krastev v. INS*, 292 F.3d 1268, 1271 (10th Cir. 2002).

■ The only other United States Court of Appeal to address this regulation defined "other serious harm" as "harm that is *not* inflicted on account of race, religion, nationality, membership in a particular social group, or political opinion, *but* is so serious that it equals the severity of persecution," in accord with language suggested by the Attorney General. *Id.* (quoting 65 Fed.Reg. 76,121, 76,127) (quotation marks omitted) (emphasis added). We emphasize that in order to be eligible for asylum under the new regulation, an applicant must still establish past persecution on account of a protected ground, as the IJ found in this case. The applicant must also establish a reasonable possibility of fear of future "serious harm," although this threat need not result from any particular animus. *See* 8 C.F.R. § 1208.13(b)(1); *Krastev v. INS*, 292 F.3d at 1271.

## IV

The new provision provides a second avenue of relief for victims of past persecution whose fear of future persecution on account of a protected ground has been rebutted by evidence of changed country conditions or of safe harbors within his or her home country. *See* 8 C.F.R. § 1208.13(1)(i)(A), (B). Under the old regulations, a victim of past persecution whose fear of future persecution had been rebutted was eligible for asylum only if the past persecution was so severe as to create a compelling reason why the applicant would be unwilling to return to his or her home country. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A); 63 Fed.Reg. 31945, 31947 (June 11, 1998). Recognizing that this rule "represent[ed] an overly restrictive approach," the Attorney General promulgated Section 1208.13(b)(1)(iii)(B):

> The [Justice] Department believes it is appropriate to broaden the standards for the exercise of discretion in such cases. For example, there may be cases where it is appropriate to offer protection to applicants who have suffered persecution in the past and who are at risk of future harm that is not related to a protected ground. Therefore, the rule includes, as a factor relevant to the exercise of discretion, whether the applicant may face a reasonable possibility of "other serious harm" upon return to the country of origin or last habitual residence. As with any other element of an asylum claim, the burden is on the applicant to establish that such grounds exist and warrant a humanitarian grant of asylum based on past persecution alone.

63 Fed.Reg. at 31947.

 Therefore, it is now within the discretion of the IJ and BIA to grant asylum to victims of past persecution whose fear of future persecution has been rebutted, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A), (B), if the asylum seeker establishes (1) "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution," 8 C.F.R. § 1208.13(b)(1)(iii)(A), or (2) "a reasonable possibility that he or she may suffer other serious harm upon removal to that country," 8 C.F.R. § 1208.13(b)(1)(iii)(B).

## V

We express no opinion as to whether Belishta qualifies for relief under 8 C.F.R. § 1208.13(b)(1)(iii)(B).[2] Instead, we stay our mandate to permit the BIA to reopen Belishta's case to determine in the first instance whether she is entitled to asylum under the new provision. *See* 8 U.S.C. § 1252(d)(2); *Ortiz,* 179 F.3d at 1152.

Petition for Review DENIED in part, and DISMISSED in part; Mandate STAYED for 120 days from the date of filing of this Order.

---

2. The IJ concluded that the past persecution suffered by Belishta was "not ... severe" and that she therefore does not qualify for relief under 8 C.F.R. § 1208.13(b)(1)(iii)(A). We are not compelled to disagree.