Brenda Virginia GUTIERREZ SAMAYOA; Luisa Argueta, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71947.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Gerald K. Roberts, Esq., Pittsburg, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Amy S. Howe, Esq., Office of the U.S. Attorney, Boise, ID, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

MEMORANDUM **

Brenda Virginia Gutierrez Samayoa and her daughter, Luisa Argueta, natives and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Gutierrez Samayoa did not establish past persecution because any abuse she suffered does not rise to the level of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (holding that persecution is an "extreme" concept). Absent past persecution, Gutierrez Samayoa's contention that she is eligible for asylum under 8 C.F.R. § 1208.13(b)(iii)(B) also fails. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1081 (9th Cir.2004) (applicants must demonstrate past persecution before basing an asylum claim on a reasonable possibility of "other serious harm" upon removal).

Because the petitioners failed to demonstrate they were eligible for asylum, it follows they did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

The petitioners also failed to establish eligibility for CAT relief because they did not show it was more likely than not they would be tortured if they returned to Guatemala. *See* 8 C.F.R. § 208.16(c)(2);

*Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**