Mitesh Kanubhai PATEL, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Mitesh Kanubhai Patel, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 05–70691, 05–71974.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 13, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq., Jennifer Paisner, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Mitesh Patel petitions for review of two Board of Immigration Appeals ("BIA") orders, the first of which affirmed the Immigration Judge's ("IJ") decision denying Patel's application for asylum, withholding of removal and relief under the Convention Against Torture, and the second of which denied his motion to reopen on account of his marriage to a United States citizen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

When, as here, it is unclear whether the BIA conducted a de novo review, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000) (as amended). We review for substantial evidence the BIA's determination that an applicant has not established asylum eligibility. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir.2006).

Substantial evidence in the record supports the BIA's conclusion that Patel failed to demonstrate an objectively reasonable fear of future persecution in India on account of one of the protected grounds. Patel's parents have continued to live in Gujarat without incident, weakening his claims for protection on account of his religion or his family membership. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001). Furthermore, the IJ justifiably concluded that, as a Hindu, Patel would be able to relocate elsewhere in India to avoid harassment. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir.2003). Finally, Patel was ineligible for "humanitarian" asylum under 8 C.F.R. § 1208.13(b)(1)(iii) because he did not demonstrate past persecution on account of a protected ground. *Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir.2004).

Because Patel is ineligible for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

We review for abuse of discretion the BIA's denial of Patel's motion to reopen for adjustment of status premised on a marriage to a United States citizen. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). The BIA correctly determined that Patel did not provide clear and convincing evidence indicating a strong likelihood that his marriage is bona fide. *See id.* at 994

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(noting that proffered evidence must go beyond the "bare fact of getting married" and citing examples under 8 C.F.R. § 204.2(a)(1)(iii)(B)). The BIA did not abuse its discretion in denying Patel's motion to reopen.

**PETITIONS FOR REVIEW DENIED.**