**Yusufu BAWA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76162.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2007 *.

Filed Aug. 29, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas Osborne Youngjohn, Esq., Federal Way, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Frank A. Wilson, AUSA, U.S. Attorney's Office, Spokane, WA, for Respondent.

Before: HALL, TASHIMA, and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Yusufu Bawa, a native and citizen of Sierra Leone, petitions for review of a final order of removal by the Board of Immigration Appeals ("Board" or "BIA"). The BIA affirmed without opinion the decision of the Immigration Judge ("IJ"), who denied Bawa's application for asylum, withholding of removal, relief under the Convention Against Torture, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

█ We reject Bawa's contention that 8 C.F.R. § 1003.1 prohibited the BIA from affirming without opinion.[1] Contrary to Bawa's argument, 8 C.F.R. § 1003.1 does not preclude the Board from relying on the summary affirmance procedure if the applicant raises new arguments on appeal.

█ Although the record certainly shows that Bawa suffered atrocities in Sierra Leone, the record does not compel the conclusion that the atrocities were committed on account of any statutorily protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (stating that an applicant for asylum "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant"); *Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005) ("In order for a person to be eligible for asylum, he must demonstrate a well-founded fear of persecution on account of one of five protected grounds."); *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1133 (9th Cir. 2004) (stating that we reverse the IJ's decision only "if a reasonable factfinder would be compelled to conclude that the

1. Because the parties are familiar with the facts of the case, we do not recite them here except as necessary to aid in understanding this disposition.

requisite persecution or fear has been shown"); *Pedro–Mateo v. INS,* 224 F.3d 1147, 1151 (9th Cir.2000) (holding that the petitioner had failed to prove persecution on account of any protected ground).

We agree with Bawa that "[a] persecutor may have more than one motive for inflicting harm." *Ochoa v. Gonzales,* 406 F.3d 1166, 1172 n. 3 (9th Cir.2005); *see also Hoque v. Ashcroft,* 367 F.3d 1190, 1198 (9th Cir.2004) ("A persecutor may have multiple motives for inflicting harm on an asylum applicant."). Bawa has failed, however, to "produce[ ] evidence from which it is reasonable to believe that the persecutor's action was motivated, at least in part, by a protected ground." *Hoque,* 367 F.3d at 1198. "Substantial evidence supports the IJ's determination that there was no proven nexus between the violence in Sierra Leone and [Bawa's] . . . political beliefs" or his membership in a social group. *Pieterson v. Ashcroft,* 364 F.3d 38, 44 (1st Cir.2004).

■ Bawa's claim that he is eligible for a grant of asylum on humanitarian grounds, pursuant to 8 C.F.R. § 208.13(b)(1)(iii), similarly fails because the record does not establish that the harm suffered by Bawa's family was on account of a protected ground. *Belishta v. Ashcroft,* 378 F.3d 1078, 1080 (9th Cir. 2004). Moreover, even if Bawa were eligible for asylum for humanitarian reasons, "the IJ did not consider the issue and we may not examine it in the first instance." *Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078 (9th Cir.2004).

For the foregoing reasons, the petition for review is

**DENIED.**

Susan G. Loitz, Esq., Helen J. Brunner, Esq. Robert Henry Westinghouse, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

---

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.