**Alex Oswaldo SANTILLANA–MELENDEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75423.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.\*

Filed March 24, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, T.G. NELSON, and BEA Circuit Judges.

MEMORANDUM **

Alex Oswaldo Santillana–Melendez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying asylum and withholding of removal. We review for substantial evidence the factual findings underlying the denial of asylum and withholding. *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995). We deny the petition for review.

The IJ's finding that Santillana–Melendez failed to establish past persecution is supported by substantial evidence where he received only one anonymous telephone threat of kidnapping and was never physically harmed. *See Lim v. INS*, 224 F.3d 929, 936–37 (9th Cir.2000).

The agency's finding that Santillana–Melendez failed to show a well-founded fear of persecution is supported by substantial evidence where Santillana–Melendez did not report the single threat of kidnapping to the police and did not show that the government is unwilling or unable to control the anonymous would-be kidnappers. *See Ornelas–Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir.2006) (persecution need not be reported if alien can "convincingly establish" that reporting would have been futile or subjected him to further abuse). We need not reach the agency's finding that the threat was not motivated by a protected ground.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We deny Santillana–Melendez's request for remand to the BIA for a humanitarian asylum determination because we uphold the agency's finding of no past persecution. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1080–81 (9th Cir.2004) (order) (past persecution must be established for humanitarian asylum); 8 C.F.R. § 1208.13(b)(1)(iii).

**PETITION FOR REVIEW DENIED.**