**Musa SESAY, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–71911.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2009.*

Filed Oct. 14, 2009.

Sharon A. Healey, Law Office of Sharon A. Healey, Seattle, WA, for Petitioner.

---

Terri Jane Scadron, Assistant Director, Kristina Rencic Sracic, Trial, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: D.W. NELSON, SILVERMAN and IKUTA, Circuit Judges.

MEMORANDUM **

Substantial evidence supports the BIA's finding that Musa Sesay did not suffer persecution on account of a protected ground. The evidence does not compel a finding that Sesay's persecution, if any, was on account of a political opinion, and Sesay's resistance to recruitment by a guerilla movement is insufficient to provide this nexus. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because Sesay did not prove he was eligible for asylum, his asylum application was properly denied. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

"[I]n order to be eligible for asylum under the new [humanitarian asylum regulation], an applicant must still establish past persecution on account of a protected ground...." *Belishta v. Ashcroft,* 378 F.3d 1078, 1080 (9th Cir.2004) (order); *see also*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

8 C.F.R. § 1208.13(b)(1)(iii). Because substantial evidence supports the BIA's finding that Sesay failed to establish past persecution on account of a protected ground, Sesay necessarily failed to establish threshold eligibility for humanitarian asylum. Any error committed by the BIA in failing to articulate the denial of Sesay's humanitarian asylum claim was harmless. *See Perez v. INS*, 96 F.3d 390, 393 (9th Cir.1996).

**PETITION DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.