**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ISSA BACHILLY,

            Petitioner,

   v.

ERIC H. HOLDER Jr., Attorney General,

            Respondent.

No. 06-71832

Agency No. A095-576-076

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued March 14, 2008
Submission vacated April 30, 2008
Resubmitted February 23, 2010
Seattle, Washington

Before: B. FLETCHER, REINHARDT, and PAEZ, Circuit Judges.

    Issa Bachilly ("Bachilly"), a native and citizen of Sierra Leone, petitions for review of a Board of Immigration Appeals ("BIA") order affirming an Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under CAT. Bachilly claims that he was abducted, beaten, and

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

forced to work for the Revolutionary United Front ("RUF") guerrilla group in

Sierra Leone for more than one year.  Although the BIA found Bachilly credible, it

denied his application.  The BIA concluded that he had not been mistreated on

account of his political opinion and that he did not have a well-founded fear of

future persecution in light of evidence that the RUF had disarmed and disbanded in

2002.

In his petition for review, Bachilly argues that the BIA's finding that his

mistreatment was not motivated by his political opinion is not supported by

substantial evidence,[1] that the BIA abused its discretion by failing to consider his

request for humanitarian asylum, and that the BIA incorrectly concluded that he

was not eligible for withholding of removal under the Convention Against Torture

("CAT").  We agree with his first two arguments, and remand so that the BIA can

address the question of whether the government has shown by a preponderance of

the evidence that Bachilly no longer has a well-founded fear of returning to Sierra

Leone because country conditions have improved, and so that the BIA may decide

whether to exercise its discretion in deciding whether to grant him humanitarian

---

[1]Bachilly also argues that he established that his mistreatment was motivated at least in part by his religious beliefs.  We decline to reach this argument because it is sufficient that the RUF was motivated in part by Bachilly's imputed political opinion.

asylum based on the severity of his past persecution. We deny the petition with respect to Bachilly's CAT claim.

We may reverse the BIA's factual findings only if a reasonable factfinder would be compelled to reach a contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992); *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). In this case, the record compels the conclusion that the RUF was motivated at least in part by Bachilly's political opinion. Immediately before being shot to death, Bachilly's parents told the RUF "we do not support you, don't take our child with you." The RUF then abducted Bachilly, who refused to fight for them despite the fact that the RUF beat him as punishment for his refusal. The record clearly shows that the RUF imputed to Bachilly his parent's opposition to their political movement. *See, e.g.*, *Ahmed v. Keisler*, 504 F.3d 1183, 1195 (9th Cir. 2007) ("[T]he fact that Ahmed was beaten when captured with his uncle suggests that the army imputed to Ahmed his uncle's political opinions."); *Sangha v. INS*, 103 F.3d 1482, 1489-90 (9th Cir. 1997) (noting that persecution of both father and son indicates that the father's views had been imputed to the son); *Bolanos-Hernandez v. INS*, 767 F.2d 1277, 1288 (9th Cir. 1984). The record also shows that this imputed political opinion was at least one of the reasons why the RUF persecuted Bachilly. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (recognizing that if

3

the guerrillas believe that an individual's refusal to fight is motivated by the individual's political opinion, the persecution would be on account of a political opinion); *see also Gafoor v. INS*, 231 F.3d 645, 650-51 (9th Cir. 2000) ("[A]n applicant need only produce evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground." (internal quotations omitted)).

Because Bachilly suffered past persecution, he is entitled to a presumption of future persecution. 8 C.F.R. § 1208.13(b)(1). The government may rebut this presumption if it can show  by a preponderance of the evidence that country conditions have changed such that Bachilly no longer has a well-founded fear that he would be persecuted if he were to return to Sierra Leone.   8 C.F.R. § 208.13(b)(1). Generalized information from a State Department report on country conditions is insufficient to rebut the presumption of future persecution; the government must demonstrate how changed conditions will specifically affect Bachilly. *See Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir. 2004). We therefore remand so that the BIA can decide in the first instance whether the government has proved improved country conditions. *See INS v. Ventura*, 537 U.S. 12, 17 (2002).

Even if the government carries its burden of showing that conditions in Sierra Leone have improved so that Bachilly no longer has a well-founded fear of persecution, the BIA has discretion to grant him humanitarian asylum pursuant to 8 C.F.R. § 1208.13(b)(1)(iii). In cases of severe past persecution, an applicant may obtain asylum even if he has no well-founded fear of future persecution, provided that he has "compelling reasons" for being unwilling to return. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A). Those reasons need not be related to a protected ground. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1081 (9th Cir. 2004). Accordingly, Bachilly's fear of returning to Sierra Leone, caused by seeing his parents executed before his very eyes, may be grounds for humanitarian asylum. Because the BIA did not determine whether Bachilly is eligible for humanitarian asylum, we remand to the BIA to consider this issue in the first instance. *See Benyamin v. Holder*, 579 F.3d 970, 977 (9th Cir. 2009); *Silaya v. Mukasey*, 524 F.3d 1066, 1072 (9th Cir. 2008).

We affirm the BIA's denial withholding of removal under CAT. The evidence in the record – State Department Country Reports on Sierra Leone and Bachilly's testimony that the man who killed his brother might also kill him – does not compel the conclusion that it is more likely than not that Bachilly would be

tortured or suffer cruel and inhumane treatment if he returned to Sierra Leone.  *See*

*Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005).

We remand for the BIA to consider whether changed country conditions will specifically affect Bachilly and to exercise its discretion as to whether to grant him humanitarian asylum.

**PETITION DENIED IN PART, GRANTED IN PART, and REMANDED.**