

FILED

NOT FOR PUBLICATION

APR 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAKHODIR AMANOV, | No. 08-72262 |
| Petitioner, | Agency No. A099-328-428 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2010
Seattle, Washington

Before: FISHER and BERZON, Circuit Judges, and SNOW, District Judge.[**]

Bakhodir Amanov petitions for review of a decision of the Board of

Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable G. Murray Snow, United States District Judge for the
District of Arizona, sitting by designation.

1

Amanov's application for asylum, humanitarian asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Amanov's constitutional argument lacks merit. The REAL ID Act "imposed a heightened standard of review requiring that [the Court] reverse an agency's determination concerning the availability of corroborative evidence only if a reasonable trier of fact would be compelled to conclude that such corroborating evidence is unavailable." *Shrestha v. Holder*, 590 F.3d 1034, 1047-48 (9th Cir. 2010) (citing 8 U.S.C. § 1252(b)(4)). The standard imposed is the *same* one otherwise applied to review of findings of fact. *See* 8 U.S.C. § 1252(b)(4)(B). It does not preclude review of constitutional questions and questions of law raised in deportation proceedings, *see* 8 U.S.C. § 1252(a)(2)(D); *cf. INS v. St. Cyr*, 533 U.S. 289, 304-05 (2001), nor does it limit review of whether a person in deportation proceedings is a U.S. citizen or national, a jurisdictional fact, *see Ng Fung Ho v. White*, 259 U.S. 276, 284 (1922). Instead, this change to "the standards governing corroborating evidence" "was within Congress's power to make." *Shrestha*, 590 F.3d at 1048. Therefore, Amanov's constitutional claim must fail.

The IJ properly denied Amanov's asylum claim because Amanov failed to provide corroboration where it was reasonable for the IJ to expect him to do so and

2

the IJ did not know what to believe. *See Aden v. Holder*, 589 F.3d 1040, 1045 (9th Cir. 2009); 8 U.S.C. § 1158(b)(1)(B)(ii). Amanov did not introduce a birth certificate or other corroboration, such as statements from family, to support his claim that he was Armenian. Nor did he introduce any corroboration for his claim that Armenians were targeted for persecution in Uzbekistan. Amanov had notice of the need for such documents, and his explanation for their absence was insufficient to convince the IJ that they were unavailable. Substantial evidence supports the BIA's conclusion that Amanov did not present corroborating evidence for this portion of his claim, so "a reasonable trier of fact" would not be "compelled to conclude that such corroborating evidence [was] unavailable." 8 U.S.C. § 1252(b)(4).

Amanov did not show that he is eligible for traditional asylum, so he did not demonstrate eligibility for humanitarian asylum either. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1081 (9th Cir. 2004) (stating that humanitarian asylum requires "(1) 'compelling reasons for being unwilling or unable to return [home] arising out of the severity of the past persecution,' or [that there is] (2) 'a reasonable possibility that [the applicant]. . . may suffer other serious harm upon removal to [his] country'" (quoting 8 C.F.R. § 1208.13(b)(1)(iii))).

3

Because Amanov cannot satisfy the lower burden of proof for asylum due to his lack of corroboration, he necessarily cannot meet the more stringent standard applicable to withholding of removal, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), to which a corroboration requirement also applies, *see* 8 U.S.C. § 1229a(c)(4)(B).

Amanov does not qualify for relief under CAT because he has not proved that he is more likely than not going to be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *Aden*, 589 F.3d at 1047. The IJ found with respect to the asylum claim that Amanov should have corroborated the attack against him but had not, and this finding was relevant to the CAT claim as well. *See* 8 U.S.C. § 1229a(c)(4)(B).

Because the BIA held on the merits that corroboration of the attack against Amanov was not unavailable at the time of the hearing, it did not err in denying the Motion to Reopen on the same basis. *See* 8 C.F.R. § 1003.2(c)(1).

**DENIED.**

4