**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANJULA DEVI,

    Petitioner,

 v.

ERIC H. HOLDER, Jr., Attorney General,

    Respondent.

No. 07-72228

Agency No. A079-245-703

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 17, 2011
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and ADELMAN, District
Judge.[**]

 Manjula Devi, a native and citizen of Fiji, petitions for review of an order of

the Board of Immigration Appeals ("BIA") denying her motion to reopen

proceedings for further consideration of her applications for asylum, withholding

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Lynn S. Adelman, District Judge for the United States
District Court for the Eastern District of Wisconsin, sitting by designation.

of removal, and protection under the Convention Against Torture ("CAT") on the basis of changed country conditions. Devi previously asserted past persecution and a fear of future persecution on account of her Indo-Fijian ethnicity and sought to reopen based on a military coup. The BIA concluded that there were changed conditions, but that they did not materially affect Devi's eligibility for relief. The BIA also held that Devi did not qualify for relief under 8 C.F.R. § 1208.13(b)(1)(iii)(B), which provides relief if there is a reasonable possibility of suffering "other serious harm" if returned to the country of origin.

Petitioner argues that the BIA erred in concluding that she failed to establish changed country conditions which materially affect her eligibility for asylum, withholding of removal, and relief under CAT. The BIA did not err. The evidence provided by Petitioner reflected general political unrest but did not show that Indo-Fijians were being persecuted or that their life or freedom were being threatened because of their ethnicity. *See* 8 U.S.C. § 1101(a)(42)(A) (explaining that an asylum applicant must be unable or unwilling to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion") and 8 U.S.C. § 1231(b)(3) (providing for withholding of removal if it is more likely than not that "the alien's life or freedom would be threatened in [the country

2

of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion"). Additionally, Petitioner's new evidence of a political power struggle does not demonstrate "that it is more likely than not that . . . she would be tortured if removed to" Fiji. 8 C.F.R. § 208.16(c)(2).

As Petitioner conceded during oral argument, 8 C.F.R. § 1208.13(b)(1)(iii)(B) applies only to applicants who have established past persecution and where the presumption of future persecution has been rebutted by changed conditions or the possibility of internal relocation. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1081 (9th Cir. 2004) (holding that 8 C.F.R. § 1208.13(b)(1)(iii)(B) "provides a second avenue of relief for victims of past persecution whose fear of future persecution on account of a protected ground has been rebutted by evidence of changed country conditions or of safe harbors within his or her home country").

Petition **DENIED**.