**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN HERNANDEZ-SANCHEZ, | No. 07-73259 |
| Petitioner, | Agency No. A70-919-484 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2011 [**]
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and ADELMAN, District
Judge.[***]

Petitioner Adrian Hernandez-Sanchez, a native and citizen of Guatemala,

petitions for review of an order of the Bureau of Immigration Appeals (BIA)

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lynn S. Adelman, District Judge for the United States
District Court for the Eastern District of Wisconsin, sitting by designation.

reversing the decision of an immigration judge granting him humanitarian asylum under 8 C.F.R. § 1208.13 (b)(1)(iii)(B). We affirm the BIA's decision.

Petitioner applied for asylum, withholding of removal and protection under The Convention Against Torture, claiming past persecution by Guatemalan anti-government guerrillas because of his ethnicity, religion and imputed political opinion. The BIA found that there was no evidence that guerrillas persecuted him on account of a statutorily protected ground or that he feared future persecution on such a ground. The BIA also concluded that humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii)(B) is unavailable in the absence of past persecution based on a protected ground.

To establish eligibility for asylum, petitioner must demonstrate that he meets the statutory definition of a "refugee." 8 U.S.C. § 1158(b)(1)(B)(I); Barraza Rivera v. INS, 913 F.2d 1443, 1449 (9th Cir.1990). A refugee is a person "unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An applicant can demonstrate that he is a refugee by producing evidence of past persecution or a well-founded fear of future persecution based on one of the protected statutory grounds. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).

2

Persecution based on resistance to forced conscription by a guerrilla organization does not constitute persecution on a protected ground absent evidence showing that the guerrilla's actions were motivated by a protected ground. Tecun-Florian v. INS, 207 F.3d 1107, 1109 (9th Cir. 2000) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).  In the present case, the BIA's factual finding that petitioner was not persecuted based on a protected ground is "supported by reasonable, substantial, and probative evidence on the record considered as a whole" and thus must be upheld. The evidence does not compel reversal. Elias-Zacarias, 502 U.S. 481 n.1.   Substantial evidence supports the BIA's conclusion that petitioner failed to establish past persecution.

Under 8 C.F.R. § 1208.13(b)(1)(iii)(B), a victim of past persecution on a protected ground who no longer has a well-founded fear of future persecution may be granted humanitarian asylum  when there is a reasonable possibility that he will suffer other serious harm upon removal.  Belishta v. Ashcroft, 378 F.3d 1078, 1080 (9th Cir. 2004).  However, humanitarian asylum is unavailable to an applicant, such as petitioner, who has not been found to have been subjected to past persecution based on a protected ground. Id.; Mohammed v. Gonzales, 400 F.3d 785, 801 (9th Cir. 2005).  Thus, the BIA correctly determined that petitioner is ineligible for humanitarian asylum.

**PETITION DENIED**.

3