NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | | |
|---|---|---|
| CATHERINE PHIRI, | ) | No. 10-73513 |
| | ) | |
| Petitioner, | ) | Agency No. A095-198-920 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014**
San Francisco, California

Before: FERNANDEZ and IKUTA, Circuit Judges, and DANIEL,*** District Judge.

Catherine Phiri ("Phiri") petitions for review of the Board of Immigration

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable Wiley Y. Daniel, Senior United States District Judge for the District of Colorado, sitting by designation.

Appeals' ("BIA") denial of her application for asylum.[1] See 8 U.S.C. § 1158. We deny the petition.

(1)   Phiri first asserts that the BIA erred because it upheld a decision of a new Immigration Judge ("IJ") that was issued after a remand[2] by the BIA when it determined that there was no transcript (or recording) of the first hearing and decision. We disagree. As the BIA stated, Phiri and the government effectively stipulated that the IJ should conduct a new hearing and issue a new decision. Certainly, Phiri did not object to that approach when she was before the IJ and, in fact, expressly embraced it. The issue was waived. See Gonzalez-Rivera v. INS, 22 F.3d 1441, 1444 (9th Cir. 1994). In any event, the BIA's remand order did not restrict the scope of the IJ's authority to rehear and redecide the case upon remand; it expansively indicated that the IJ could take all "necessary and appropriate" steps. Due to that lack of express limitations, the IJ was not foreclosed from proceeding as he did. See Fernandes v. Holder, 619 F.3d 1069, 1074 (9th Cir. 2010). Thus, the BIA did not err.[3]

---

[1]Because she does not argue denial of withholding or Convention Against Torture relief on appeal, those issues are waived. Rizk v. Holder, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

[2]See 8 C.F.R. § 1003.1(d)(7).

[3]Phiri also argues that her due process rights were violated because the IJ

(continued...)

(2)     Phiri then argues that the BIA erred when it agreed with the IJ that she was not credible.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite" persecution existed. Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite" persecution. Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. The same standard applies to credibility determinations. See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir. 2004); Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir. 2003). However, when a determination is based upon credibility, "'a specific, cogent reason'" for

---

[3](...continued)
prepared a written order before the end of the second evidentiary hearing. No doubt, aliens are entitled to due process. See Zetino v. Holder, 622 F.3d 1007, 1013 (9th Cir. 2010). However, Phiri was given a full and fair opportunity to present her case. See id.; Ibarra-Flores v. Gonzales, 439 F.3d 614, 620–21 (9th Cir. 2006). Moreover, the record shows that the IJ fully considered all of the evidence and did not issue his decision until the end of the hearing.

disbelieving the alien must be offered. <u>Guo v. Ashcroft</u>, 361 F.3d 1194, 1199 (9th Cir. 2004).

We have reviewed the record and are satisfied that the BIA's decision was supported by substantial evidence.[4] The BIA determined that Phiri lacked credibility because of inconsistencies that went to the heart of her asylum claim. <u>See</u> Rizk, 629 F.3d at 1087–88, 1091; Kaur v. Gonzales, 418 F.3d 1061, 1067 (9th Cir. 2005); <u>Li v. Ashcroft</u>, 378 F.3d 959, 964 (9th Cir. 2004). For example, the discrepancies included: the nature of her father's political views or activities in Zimbabwe; whether she had political views or was involved in political activity; when her father was abducted; when her husband was abducted; when she was actually in Zimbabwe and when in Zambia; whether she was in fact a citizen of Zimbabwe or of Zambia or of both;[5] and even her date of birth. In short, we are unable to say that a "reasonable factfinder would have to conclude" that she suffered past persecution. <u>Elias-Zacarias</u>, 502 U.S. at 481, 112 S. Ct. at 815.

Petition DENIED.

---

[4]We note that Phiri claims entitlement to humanitarian asylum only. <u>See</u> 8 C.F.R. § 1208.13(b)(1)(iii); <u>Belishta v. Ashcroft</u>, 378 F.3d 1078, 1080 (9th Cir. 2004).

[5]On conflicting evidence the IJ finally decided that she was a citizen of Zambia, which the BIA accepted.