

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANAHI CRUZ ALONSO; ANA MAYRIN MARROQUIN CRUZ, | No.   19-71894 |
| Petitioners, | Agency Nos.     A206-912-567<br>A206-912-568 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021[**]
Pasadena, California

Before:  KLEINFELD, HIGGINSON,[***] and OWENS, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The  Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Petitioner Anahi Cruz Alonso filed a petition for review on behalf of herself and her minor daughter, challenging the Board of Immigration Appeals' decision denying their application for asylum, humanitarian asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition.

We review the Board's factual findings for substantial evidence and its legal conclusions de novo. *Parada v. Sessions*, 902 F.3d 901, 908 (9th Cir. 2018) (citing *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)). Substantial evidence review requires us to uphold the Board's decision unless the evidence in the record compels a conclusion to the contrary. *Id.* at 908–9.

To qualify for asylum or for humanitarian asylum, the petitioner must establish that one of the statute's protected grounds is "at least one central reason" for her feared persecution. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. §1208.13(b)(1)(iii); *see Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004). The persecutor's motive is critical for this determination. *See Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009) (citing *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 483 (1992)).

First, Cruz Alonso claims that she fears persecution in Mexico on account of her gender. But the record shows that the Guerreros Unidos cartel attempted to recruit her husband because the family's house was strategically located at the outskirts of town. She testified that women in Mexico face high rates of violence, but the record does not compel the conclusion that she in particular fears violence on account of her gender. Next, Cruz Alonso claims that she fears persecution on account of her family ties to her husband. But the cartel's threat was motivated by the strategic location of her house, not by her family membership. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Finally, Cruz Alonso claims that she fears persecution on account of political opinions imputed to her by the cartel. But the record does not compel the conclusion that the cartel attributed any political opinions to her or to her husband. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031–32 (9th Cir. 2014).

The Board's denial of withholding of removal was similarly backed by substantial evidence. To qualify for withholding of removal, the petitioner must show that one of the protected characteristics is "a reason" for her feared persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017).

3

The record does not compel the conclusion that Cruz Alonso's gender, family membership, or imputed political opinions are a reason for her feared persecution.

To qualify for protection under the Convention Against Torture, a petitioner must show that, if removed, she would more likely than not be tortured "by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1); 8 C.F.R. § 1208.16(c)(2). Cruz Alonso's assertions that the cartel members who threatened her husband were dressed in military-style gear, that the Mexican police are connected to the cartel, and that the Mexican government is corrupt, do not compel the conclusion that she will more likely than not be tortured with the consent or acquiescence of a Mexican official.

The petition for review is **DENIED**.