NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ARCIDES MARTINEZ GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-662 <br><br> Agency No. A095-058-283 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2023<sup>**</sup>
San Francisco, California

Before: S.R. THOMAS and BRESS, Circuit Judges, and EZRA, District Judge.<sup>***</sup>

Oscar Arcides Martinez Gomez ("Petitioner"), a native and citizen of

Honduras with citizenship in El Salvador and refugee and permanent resident status

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

in Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an Immigration Judge's (the "IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. The BIA's decision that Petitioner did not establish eligibility for asylum is reviewed for substantial evidence. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). The BIA's determination must be upheld if supported by reasonable, substantial, and probative evidence in the record. *Lopez v. Ashcroft*, 366 F.3d 799, 802 (9th Cir. 2004). Additionally, we review the agency's factual findings for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Under the deferential substantial evidence standard, unless the evidence compels a conclusion otherwise, we must uphold the agency's decision. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. Substantial evidence supports the agency's determination that MS-13 targeted Petitioner based on personal animosity rather than political motive. Petitioner did not establish that MS-13 members were aware of his "belief in the rule of law" or targeted him on this basis. Although a political opinion can be expressed through actions when society would naturally attribute certain political opinions to

the petitioner based on his action, *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023), the record does not establish that the relevant societies would naturally attribute "belief in the rule of law" to the act of refusing extortion demands. Rather, there are logical non-political explanations for resistance to extortion, such as financial inability to pay or a desire to retain one's hard-earned wages. *See id.* at 1017–18 (finding that refusal to hand over money to criminals could be explained by a desire to avoid becoming the victim of a crime); *see also I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481–82 (1992), *superseded by statute on other grounds*, 8 U.S.C. § 1252(b)(4)(B) (finding that resistance to guerilla recruitment could be explained by "fear of combat, a desire to remain with one's family and friends, a desire to earn a better living in civilian life, to mention only a few").

Petitioner argues that declining to accede to extortion demands can express a political opinion. *See Desir v. Ilchert*, 840 F.2d 723, 728–29 (9th Cir. 1988). But in the relevant society in *Desir*—Haitian kleptocracy enforced by the Ton Ton Macoutes—the "[r]efusal to comply with extortionate demands resulted in the attribution of anti-government sympathies . . . ." *Id.* at 727. The record does not compel the same conclusion on the facts of this case. Instead, substantial evidence supports the BIA's determination that Petitioner was the unfortunate victim of generalized gang violence.

Petitioner further argues the IJ and BIA erred by not conducting a mixed motive analysis. However, the IJ did not have to conduct a mixed-motive analysis when Petitioner failed to establish that his fears were motivated at all by his political opinion.

2. A remand to consider Petitioner's request for humanitarian asylum is unwarranted because Petitioner failed to establish a nexus to a protected ground. The BIA did not err in denying humanitarian relief. To be eligible for humanitarian asylum, "an applicant must still establish past persecution on account of a protected ground . . . ." *Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004). The BIA did not have to assess the level of severity of the persecution felt by Petitioner because Petitioner failed to first establish that he was persecuted based on a protected ground.

3. The BIA did not err in determining that Petitioner failed to meaningfully challenge the denial of asylum under CAT. Although Petitioner stated that the record shows he is entitled to CAT relief, he did not specify which of the IJ's findings of fact or conclusions of law should be reversed. This was not sufficient to preserve the issue before the BIA. *See generally Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (holding that a petitioner does not meaningfully challenge the IJ's finding if he does not "apprise the BIA of the particular basis for [his] claim that the IJ erred"); 8 C.F.R. § 1003.3(b) (2022) (a petitioner "must specifically identify the findings of fact, the

conclusions of law, or both that are being challenged" to avoid summary dismissal before the BIA).

**PETITION DENIED.**