NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDELMIRA LETICIA JUAREZ DE LEON; GENESIS VALERIA ACABAL-JUAREZ; KIMBERLY CARMECITA ACABAL-JUAREZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-4241

Agency Nos.
A220-198-763
A220-198-762
A220-206-681

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024[**]
Pasadena, California

Before: BEA, OWENS, and KOH, Circuit Judges.

Petitioner Edelmira Leticia Juarez de Leon and her two minor children,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Genesis Valeria Acabal-Juarez and Kimberly Carmecita Acabal-Juarez (collectively, "Petitioners"), are natives of Guatemala.[1] They petition for review the Board of Immigration Appeals' ("BIA") final order of removal, in which the BIA affirmed the Immigration Judge's ("IJ") decision denying Petitioners' applications for asylum, withholding of removal, humanitarian asylum, and protection under the Convention Against Torture ("CAT").[2]

The parties are familiar with the facts, so we recount them only as necessary to provide context to our ruling. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

When a petition fails to "specifically and distinctly argue[] and raise[]" issues for relief, "[petitioner] has waived that claim." *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005); *see also* Fed. R. App. P. 28(a)(8)(A). The Government argues that the Petitioner has waived her argument addressing the BIA's nexus finding. We agree.

Petitioner asserted eligibility for relief based on an extortion scheme she experienced in Guatemala and claimed membership in two particular social groups ("PSG") comprised of "Guatemalan women who were small business owners" and

---

[1] Juarez de Leon is the lead Petitioner. Her two minor children did not file independent asylum applications and are derivative applicants. Because we deny the lead Petitioner's request for relief, the derivative applications are also denied.
[2] Petitioner does not appeal the BIA's decisions denying protection under CAT.

"poor and vulnerable women." The IJ determined that Petitioner failed to establish a nexus between those PSGs and the extortion scheme targeting Petitioner in Guatemala. The BIA upheld that factual finding.

When Petitioner appealed the IJ's decision to the BIA, Petitioner listed four reasons for appeal on her notice of appeal, none of which challenged the IJ's lack of nexus finding.[3] In her current petition, Petitioner's opening brief contains two sentences addressing the BIA's nexus finding but does not otherwise expound on the nexus issue.[4] Instead, Petitioner focuses only on whether she faced past persecution and whether she is a member of a particular social group. Petitioner does not explain *how* or *why* that past persecution was *on account of* her membership in a particular social group. Without more, Petitioner has waived her challenge to the BIA's nexus finding. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief . . . [and a] bare assertion does not preserve a claim.").

Because the lack of a nexus to a protected ground is dispositive of her asylum,

---

[3] Although Petitioner checked a box noting that she would submit a separate written brief or statement after filing her Notice of Appeal to the BIA, the record contains no such brief.

[4] Petitioner notes, but only conclusorily, in a heading and in one sentence that Petitioner was subject to persecution on account of her being a business owner. She states nothing regarding the BIA's finding that Petitioner was targeted for monetary gain and not because of Petitioner's proposed PSG. Other than these two mentions, Petitioner's opening brief makes no argument regarding *why* the BIA erred in finding a lack of nexus.

3

withholding of removal, and humanitarian asylum claims, Petitioner's waiver of this issue is dispositive of the whole petition.  *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016); *Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004).

**PETITION DENIED.**