**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGRID JUDITH BERMUDEZ-TREJOS, | No. 18-71109 |
| Petitioner, | Agency No. A206-254-915 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026**
Pasadena, California

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.

Petitioner Ingrid Bermudez-Trejos ("Bermudez"), a native and citizen of El

Salvador, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of

her appeal from an Immigration Judge's ("IJ") decision denying her claims for

asylum, withholding of removal, and Convention Against Torture ("CAT")

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

protection. We have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C. § 1252 and we deny the petition.

1. Substantial evidence supports the agency's adverse credibility finding. The record shows significant inconsistencies undercutting Bermudez's credibility. In her initial interview, Bermudez explained that she only entered the United States for financial reasons, namely to "live and work in Los Angeles." When specifically asked whether she would be harmed or persecuted if she returned to El Salvador, Bermudez answered "No."

Those answers are clearly inconsistent with her later testimony in support of her asylum application. Bermudez later testified that a gang member in El Salvador threatened her with significant harm if she refused his sexual advances and that this man would harm her if she returned home. Substantial evidence supports the BIA's reliance on this inconsistency in upholding the IJ's adverse credibility finding.

2. Without credible testimony, Bermudez fails to show that the record compels the conclusion that the agency erred. The only evidence supporting Bermudez's alleged harms, necessary to her asylum, withholding, and CAT protection claims were based on her own testimony, which the BIA and IJ properly discounted as not credible. Bermudez's argument for humanitarian asylum also fails because of the adverse credibility finding. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1080–81 (9th Cir. 2004) (explaining that humanitarian asylum requires a showing

2

of past persecution).  Bermudez's failure to overcome the adverse credibility finding therefore forecloses her request for any immigration relief.

**PETITION DENIED.**