Lupe C. Rodriguez, Jr., Esquire, Law Office of Lupe Rodriguez, Jr. APC, San Diego, CA, for Defendant–Appellant.

Gabriel Ruiz–Gerardo, Taft, CA, pro se.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Gabriel Ruiz–Gerardo appeals from the district court's judgment and challenges the 70–month sentence imposed following his guilty-plea conviction for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ruiz–Gerardo contends that the district court legally erred in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). Specifically, he argues that the district court improperly excluded him from consideration for the role adjustment based on his courier status. In the alternative, he argues that the court did consider his eligibility for an adjustment, but failed to assess his culpability to that of all of the other participants in the offense. We review the district court's interpretation of the Guidelines de novo and its factual determination that a defendant is not a minor participant for clear error. See United States v. Rodriguez–Castro, 641 F.3d 1189, 1192 (9th Cir.2011). The record reflects that the court did not deny the adjustment on the ground that Ruiz–Gerardo was a courier. Rather, the

court applied the correct legal standard, assessing Ruiz–Gerardo's culpability relative to that of the average participant in the criminal scheme based on the totality of the circumstances. See U.S.S.G. § 3B1.2 cmt. n. 3(A), (C); United States v. Hurtado, 760 F.3d 1065, 1068–69 (9th Cir. 2014). Moreover, the record supports the district court's conclusion that Ruiz–Gerardo failed to carry his burden of establishing that he was entitled to the adjustment. See Rodriguez–Castro, 641 F.3d at 1193.

**AFFIRMED.**

**Jose Antonio Eduardo Oliva BERDUCIDO; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–70467.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Nov. 24, 2014.

Jonathan Charles Dunten, Esquire, Law Office of Jonathan Dunten, San Francisco, CA, for Petitioners.

Oil, Kristina Rencic Sracic, Trial, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Jose Antonio Eduardo Oliva Berducido and his family, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that the harms Oliva Berducido suffered did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so."). We reject Oliva Berducido's contention that the agency failed to consider evidence in assessing past persecution because he has not overcome the presump-

tion that the agency reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). We also reject Oliva Berducido's contention that the agency improperly discounted the harms suffered by his family members. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir.2009) (harm to family must be closely tied to petitioner himself). Contrary to Oliva Berducido's contention, in the absence of past persecution, his humanitarian asylum claim necessarily fails. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1080–81 (9th Cir. 2004); *see also* 8 C.F.R. § 208.13(b)(1)(iii). Substantial evidence also supports the finding that Oliva Berducido has not established an objectively well-founded fear of persecution in Guatemala. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003) (possibility of future persecution too speculative). We reject Oliva Berducido's contentions that the IJ failed to adequately develop the record related to his asylum claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a petitioner to prevail on a due process claim). Thus, his asylum claim fails.

Because Oliva Berducido failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of Oliva Berducido's CAT claim because he did not establish it is more likely than not that he will be tortured at the instigation of, or with the consent or acquiescence of, the Guatemalan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

We reject Oliva Berducido's arguments that the agency erred by failing to adjudicate his claim for relief under the Nicara-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

guan Adjustment and Central American Relief Act ("NACARA"), and by failing to remand to develop the record related to NACARA relief, because Oliva Berducido conceded through counsel that he was not eligible for NACARA relief. *See Lata v. INS*, 204 F.3d at 1246.

We lack jurisdiction over any ineffective assistance of counsel claim because Oliva Berducido did not raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

Finally, we reject Oliva Berducido's contention that the agency's grant of voluntary departure should remain in effect. *See Garfias–Rodriguez v. Holder*, 702 F.3d 504, 528 (9th Cir.2012) (petition for review terminates grant of voluntary departure).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**