**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LILIANA ACOSTA CERVANTES; JOSE ISAAC DE LA CRUZ ACOSTA; and DARIANA DE LA CRUZ ACOSTA, | No. 16-71376 |
| Petitioners, | Agency Nos. A202-097-671 A202-097-672 A202-097-673 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2019
Pasadena, California

Before:  M. SMITH, MILLER, and COLLINS, Circuit Judges.

Liliana Acosta Cervantes ("Acosta") and her son Jose Isaac De La Cruz

Acosta ("De La Cruz"), who are natives and citizens of Mexico, petition for review

of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal

of the denial of their claims for asylum, withholding of removal, and relief under

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

the Convention Against Torture.[1]  We have jurisdiction under section 242(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(1).  We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  Under the substantial evidence standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); *see also Bringas-Rodriguez*, 850 F.3d at 1059.  We deny Acosta's petition for review but grant in part De La Cruz's petition for review.

1.     To establish her eligibility for either asylum or withholding of removal in the context of this case, Acosta had to show, *inter alia*, (1) that she was a member of the "particular social group" that is the basis of her claim of persecution, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010), and (2) that "'the persecution was committed by the government, or by forces that the government was unable or unwilling to control,'" *Bringas-Rodriguez*, 850 F.3d at 1062 (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)).  Substantial evidence supports the agency's conclusions that Acosta failed to establish either element.

---

[1] Acosta's other child, Dariana De La Cruz Acosta, is (like her brother) a derivative beneficiary of Acosta's application, but (unlike her brother) she has not also filed an independent application for relief.

a. Assuming without deciding that Acosta's proposed social group of "married women in Mexico who are unable to leave their relationship" is cognizable under the INA,[2] we conclude that substantial evidence supports the agency's determination that Acosta failed to establish that she is a member of that social group. As the BIA noted, the factual record confirmed that Acosta had not shown an inability to leave her relationship. Acosta was able to live apart from her husband, José De La Cruz Martínez ("José Sr."), for more than a year when she moved from Michoacán to Tijuana in July 2013. Although José Sr. verbally threatened her while she was in Tijuana, he took no affirmative steps to stop her from moving there, and he never went to Tijuana while she was living there. On this record, we cannot say that any reasonable factfinder would be compelled to

---

[2] In assuming in the alternative that Acosta's proposed particular social group was cognizable, the BIA applied the framework established in its precedential decision in *Matter of A-R-C-G-*, 26 I&N Dec. 388 (BIA 2014), which addressed a comparably defined proposed group. Under that decision, whether a woman is able to leave her domestic relationship turns on, among other things, any "religious, cultural, or legal constraints" that may preclude leaving, including "societal expectations about gender and subordination" or lack of police protection. *Id*. at 392–93. For purposes of deciding this petition for review, we likewise apply *Matter of A-R-C-G-*'s framework, and on the administrative record before us we have no occasion to address or decide whether *Matter of A-R-C-G-* erred in finding cognizable the sorts of proposed particular social groups covered by that decision. *Cf. Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018) (overruling *Matter of A-R-C-G-*); *Grace v. Whitaker*, 344 F. Supp 3d 96 (D.D.C. 2018) (partially enjoining enforcement of *Matter of A-B-*), *appeal docketed sub. nom Grace v. Barr*, No. 19-5013 (D.C. Cir.); *cf. also Gonzales-Veliz v. Barr*, 938 F.3d 219 (5th Cir. 2019) (upholding *Matter of A-B-*, notwithstanding the *Grace* injunction).

conclude that Acosta was "unable to leave" her relationship with her husband within the meaning of *Matter of A-R-C-G-*, 26 I&N Dec. at 393.

b.      Substantial evidence also supports the agency's conclusion that Acosta failed to establish that the Mexican government was unable or unwilling to protect her from her husband. Acosta's in-laws contacted the police on two occasions, and on both occasions the police responded and looked for José Sr., albeit unsuccessfully. That the Mexican police did not follow up with additional efforts to arrest José Sr. does not compel a conclusion contrary to the agency's. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). Moreover, as the BIA noted, protective orders are available in Mexico, but Acosta never sought one. Acosta points to evidence that authorities in some parts of Mexico have refused to issue protective orders to women who have suffered domestic violence, but the cited evidence does not establish that Michoacán is such an area.

2.      Substantial evidence also supports the BIA's conclusion that both Acosta and De La Cruz failed to establish a nexus between José Sr.'s abuse and any of their proffered social groups, thereby defeating their claims for asylum and humanitarian asylum. The record evidence supports the agency's view that José Sr., who habitually abused drugs and alcohol, was a generally violent person towards the community at large, and not just Acosta and De La Cruz: José Sr. had killed a man in prison, engaged in public fights, threatened his parents, assaulted

4

Acosta's stepfather, and was involved with drug cartels. On this record, substantial evidence supports the agency's conclusion that Acosta and De La Cruz were ineligible for asylum because they both had failed to show that their respective membership in any of their proposed social groups was "one central reason" for José Sr.'s abuse. 8 U.S.C. § 1158(b)(1)(B)(i) (to be a "refugee" eligible for asylum, applicant must show that a protected ground, such as "membership in a particular social group, . . . was or will be at least one central reason for persecuting the applicant"); *see Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("A 'central' reason is a reason of primary importance to the persecutors, one that is essential to their decision to act."). As a result, the agency also properly rejected Acosta's and De La Cruz's claims for humanitarian asylum. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004) (in order to be eligible for humanitarian asylum, "an applicant must still establish past persecution on account of a protected ground"); 8 C.F.R. § 1208.13(b)(1)(i)–(iii) (humanitarian asylum is only available to "an alien found to be a refugee on the basis of past persecution").

3.    In rejecting De La Cruz's application for withholding of removal, the BIA relied on the conclusion that "[h]aving not met the lower burden of proof for asylum, it follows that [De La Cruz] has not met the more stringent requirements for withholding of removal." In turn, the BIA relied upon only two grounds in

5

rejecting De La Cruz's claim for asylum: (1) his failure to establish a nexus between José Sr.'s abuse and a protected ground; and (2) his failure to show that Mexican authorities were unwilling or unable to protect him from José Sr. The Government expressly (and properly) declines to defend the latter holding, leaving the first ground as the *sole* basis for the BIA's denial of De La Cruz's asylum claim. Although we find that first ground sufficient to uphold the BIA's denial of *asylum* to De La Cruz, we conclude that the resulting piggy-backed denial of *withholding of removal* rests on legal error. Although the requirements for withholding of removal are indeed generally more stringent than for asylum, the one exception is with respect to the nexus requirement that is now the sole basis for denying relief to De La Cruz. *See* 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 1208.16(b). As we explained in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), the "one central reason" standard that applies to the asylum statute does *not* apply to the withholding statute. *Id*. at 360. Rather, "a *less* demanding standard" applies to the issue of nexus with respect to claims for withholding of removal. *Id.* (emphasis added). Because the agency applied the wrong legal standard to De La Cruz's withholding claim, we grant his petition with respect to this claim and remand the matter to the BIA.[3]

---

[3] Although the BIA committed the same error in addressing Acosta's claim for withholding of removal, its denial of that claim is adequately supported on the alternative grounds discussed above in section 1.

4. Substantial evidence supports the BIA's conclusion that Acosta and De La Cruz failed to establish that any Mexican government official would *acquiesce* in "torture" of them by José Sr. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014) (absent evidence of corruption or similar factors, the fact "that a government has been generally ineffective in preventing or investigating criminal activities" does not "raise an inference that public officials are likely to acquiesce in torture").

The petitions for review of Liliana Acosta Cervantes and Dariana De La Cruz Acosta are **DENIED**. The petition for review of Jose Isaac De La Cruz Acosta is **GRANTED IN PART AND DENIED IN PART**, and his application for withholding of removal is **REMANDED** to the BIA.