**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR HERNANDEZ-BALDERAS, AKA Victor Hernandez,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No. 15-71618<br><br>Agency No. A201-284-773<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Victor Hernandez-Balderas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his request to

remand and dismissing his appeal from an immigration judge's ("IJ") decision

denying his application for asylum, withholding of removal, and relief under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020), and we review factual findings for substantial evidence. *Id*. We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Hernandez-Balderas does not raise, and has therefore waived, any challenge to the BIA's determination that he failed to establish that the proposed particular social group defined as "Mexican nationals returning from the United States" is legally cognizable. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). To the extent Hernandez-Balderas raises a new family-based particular social group, we lack jurisdiction to consider the issue because he failed to raise this social group to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Further, substantial evidence supports the BIA's determination that Hernandez-Balderas failed to establish that the harm he suffered or fears in Mexico was or would be on account of a protected ground, including an actual or imputed political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random

2

violence by gang members bears no nexus to a protected ground"). Thus, Hernandez-Balderas's asylum and withholding of removal claims fail.

The BIA did not err or abuse its discretion in declining to remand for further consideration in light of *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014). The BIA also did not abuse its discretion in declining to remand for consideration of humanitarian asylum, where Hernandez-Balderas is ineligible for humanitarian asylum because he did not establish that he suffered past persecution on account of a protected ground. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004) (order) (to be eligible for humanitarian asylum, "an applicant must still establish past persecution on account of a protected ground"). We reject as unsupported by the record Hernandez-Balderas's contention that the BIA gave no consideration to his argument requesting humanitarian asylum based upon the "other serious harm" provision in 8 C.F.R. § 1208.13(b)(1)(iii)(B) and that it failed to properly consider this claim.

Substantial evidence supports the agency's denial of CAT relief because Hernandez-Balderas failed to show it is more likely than not he would be tortured if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture). We reject Hernandez-Balderas's contention that the BIA failed to consider his arguments or that it failed to properly consider his CAT claim. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA

15-71618

adequately considered evidence and sufficiently announced its decision). Hernandez-Balderas's contention that the IJ refused to consider evidence is not supported by the record.

Finally, Hernandez-Balderas's contention regarding his notice to appear is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of initial hearing to vest jurisdiction in the immigration court). *See also United States v. Bastide-Hernandez*, --- F.3d ----, 2021 WL 345581 (9th Cir. 2021).

As stated in the court's August 14, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**