NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CEFERINO DE LA O-ZELAYA; et al., | No. 20-73268 |
| Petitioners, | Agency Nos. A208-888-523 |
| v. | A208-888-524 |
| | A208-577-608 |
| MERRICK B. GARLAND, Attorney General, | A208-577-609 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2021
Seattle, Washington

Before: McKEOWN, MILLER, and BADE, Circuit Judges.

Petitioners Ceferino De La O-Zelaya and Rosa Gomez De La O, husband and wife, and their two minor children petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, humanitarian asylum, and protection under the Convention Against

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Substantial evidence supports the agency's finding that Petitioners failed to demonstrate that the Salvadoran government was or would be unable or unwilling to control their alleged persecutors. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) ("The source of the persecution must be the government or forces that the government is unwilling or unable to control.").

After De La O-Zelaya was shot, the police went to the hospital to "gather information," and, in response to the officers' questions, De La O-Zelaya explained: "I was in the gathering or meeting with the party, and somebody shot. I don't know who did it." When, as here, "'the asylum applicant fail[s] to provide the police with sufficiently specific information to permit an investigation or an arrest,' the police's inability to solve a crime does not show government inability or unwillingness to control persecutors." *J.R. v. Barr*, 975 F.3d 778, 783–84 (9th Cir. 2020) (quoting *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013)); *see, e.g.*, *Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Moreover, country conditions evidence shows that El Salvador has taken steps to curb gang violence and corruption. These efforts support the agency's finding. *Cf. Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020);

2

*see also Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) ("To reverse the BIA, we must determine that the evidence not only *supports* [a contrary] conclusion, but *compels* it . . . ." (first alteration in original) (internal quotation marks omitted)).

We reject De La O-Zelaya's argument that the agency failed to analyze whether the evidence demonstrates that the Salvadoran government was "unable or unwilling" to control his alleged persecutors. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). The agency analyzed the impact of recent local elections, that the police took a report from De La O-Zelaya about his shooting while he was in the hospital, and the Salvadoran government's efforts to control gang violence on this inquiry. Consequently, although the clarity of the agency's decision is "less than ideal," we conclude that it sufficiently conveys the IJ's conclusion that Petitioners did not establish that the Salvadoran government was unable or unwilling to control the source of the alleged persecution. *Cf. Garland v. Dai*, 141 S. Ct. 1669, 1679 (2021) (explaining that "a reviewing court must uphold even a decision of less than ideal clarity if the agency's path may reasonably be discerned" (internal quotation marks omitted)). Petitioners' asylum and withholding of removal claims therefore fail.

2.    The agency's denial of De La O-Zelaya's request for humanitarian asylum, *see* 8 C.F.R. § 1208.13(b)(1)(iii), is supported by substantial evidence. To

be eligible for humanitarian relief, "an applicant must still establish past persecution on account of a protected ground." *Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004). Petitioners failed to do so here.

3.    Substantial evidence supports the IJ's denial of CAT relief because Petitioners failed to show that it is more likely than not that they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not itself sufficient to establish acquiescence in the crime."); *id.* at 1035 (concluding a government's efforts to combat certain acts of violence supported the agency's determination that the government was not willfully blind, even though, "as a practical matter," those steps did "not achieve[] the desired goals of resolving crimes and protecting citizens").[1]

The petition for review is **DENIED**.

---

[1] The court need not address Petitioners' remaining arguments on appeal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").