NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LETICIA SANCHEZ SANCHEZ, | No. 23-2370 |
| Petitioner, | Agency No. A215-816-676 |
| v. | |
| JAMES R. MCHENRY III, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2025**
Pasadena, California

Before: TALLMAN, FRIEDLAND, and BENNETT, Circuit Judges.

Petitioner Leticia Sanchez Sanchez (Sanchez) is a native of Mexico. She

petitions for review of the Board of Immigration Appeals' (BIA) final order of

removal, in which the BIA affirmed the Immigration Judge's (IJ) decision denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny Sanchez's petition.

Constitutional due process challenges to immigration decisions are reviewed de novo. *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009). "When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "We review the BIA's decision on whether a petitioner established eligibility for asylum under the substantial evidence standard." *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1087 (9th Cir. 2005). "This standard limits reversals of BIA decisions to situations where the Petitioner presented evidence so compelling that no reasonable factfinder could fail to find that Petitioner has not established eligibility for asylum." *Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir. 2005) (cleaned up) (quoting *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998)).

1. Sanchez claims the IJ violated her due process rights because on October 1, 2019, the IJ advanced her merits hearing date from February 14, 2020, to October 7, 2019. Under Fifth Amendment due process protections, a person "who faces deportation is entitled to a full and fair hearing of [her] claims and a reasonable

opportunity to present evidence on [her] behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We "will reverse the BIA's decision on due process grounds if the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting [her] case.'" *Id.* (quoting *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986)). The person facing deportation must also show prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Id.*

In *Mendez-Mendez v. Mukasey*, 525 F.3d 828 (9th Cir. 2008), we held that advancing the date of an applicant's immigration hearing did not violate due process because the applicant "was not deprived of the right to a full and fair hearing." *Id.* at 835. Here, despite the late advancement of the hearing date, and the short time between the advancement and the new hearing date, Sanchez still had a full hearing and the opportunity to present witnesses. The IJ offered a shorter continuance than Sanchez's attorney had requested, but Sanchez's attorney accepted, saying that the date "would work." At the continued hearing, Sanchez and her attorney did not argue that they needed more time.

The BIA held that Sanchez "was given a reasonable opportunity to obtain and submit documentary evidence, examine the evidence submitted by opposing counsel, and provide testimonial evidence in support of her application" and that Sanchez had not demonstrated that she was prejudiced by any purported deficiencies

in the proceedings. We agree. Because Sanchez has not shown prejudice, we reject her due process challenge.

2. The Agency did not err in concluding that Sanchez was ineligible for asylum and withholding of removal because she does not belong to a particular social group. For a petitioner to establish membership in a particular social group, the group must be (1) composed of members that share an immutable characteristic, (2) defined with particularity, and (3) socially distinct within that society. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 897–98 (9th Cir. 2021) (citing *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

Before the IJ, Sanchez proposed a social group of "Mexican witnesses who cooperate with law enforcement in the investigation of crimes against their immediate family members." Substantial evidence supports the Agency's finding that Sanchez does not belong to that proposed social group.

The Agency also did not err in rejecting Sanchez's alternative social groups because Sanchez raised them for the first time on appeal. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019) (per curiam) (holding that the BIA does not need to consider proposed social groups raised for the first time on appeal).

3. The Agency did not err in finding Sanchez ineligible for humanitarian asylum. An applicant seeking humanitarian asylum must show either "compelling reasons for being unwilling or unable to return" to her country of origin "arising out

of the severity of the [applicant's] past persecution," or "a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii). We review for abuse of discretion the BIA's denial of humanitarian asylum. *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000).

Substantial evidence supports the BIA's conclusion that Sanchez was not eligible for humanitarian asylum. "Our case law demonstrates that extremely severe persecution is required to warrant humanitarian relief." *Singh v. Whitaker*, 914 F.3d 654, 662 (9th Cir. 2019). Although the death of Sanchez's son Uriel is tragic, she has not been directly threatened, has not been physically harmed, and has not had her property damaged. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004) ("[I]in order to be eligible for [humanitarian] asylum . . . , an applicant must still establish past persecution on account of a protected ground.").

4. The Agency did not err in concluding that Sanchez did not establish eligibility for CAT protection. For CAT protection, the applicant must show that it is "more likely than not that . . . she would be tortured if removed to the proposed country of removal" and that such torture would occur at the hands of the Mexican government or by its acquiescence. 8 C.F.R. § 208.16(c)(2). "We review for substantial evidence the factual findings underlying the BIA's determination" of CAT eligibility. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003).

Substantial evidence supports the BIA's conclusion that "it is not more likely than not that the respondent will be tortured in Mexico by, or with the consent or acquiescence (to include the concept of willful blindness) of, a public official or other individual acting in unofficial capacity." Sanchez was never harmed or threatened with torture.

5. The Agency did not abuse its discretion in denying Sanchez's motion to remand. *Aclarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023) (reviewing BIA's denial of a motion to remand for abuse of discretion). Sanchez argues that the BIA erred in denying her motion to remand because a map of the Zeta drug cartel's territory and an article about drug cartels training young Mexican men to be assassins were new evidence establishing her eligibility for withholding of removal. But the article would likely not change the IJ's evaluation of her testimony as Sanchez was already found credible. And the map and article would likely not affect the IJ's findings regarding the Mexican government's willingness to protect Sanchez from violence or persecution. The BIA evaluated the evidence Sanchez submitted and offered a reasoned explanation for its decision.

**PETITION DENIED.**