NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FABIAN CARDENAS OYOLA; KELLY YURANY CADENA CALDERON; ANTONELLA CARDENAS CADENA; ISABELLA CARDENAS CADENA,<br><br>Petitioners,<br><br>v.<br><br>PAMELA J. BONDI, Attorney General,<br><br>Respondent. | No. 24-1628<br><br>Agency Nos.<br>A243-161-935<br>A243-161-936<br>A243-161-937<br>A243-161-938<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2025[**]
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, District Judge.[***]

Petitioners Fabian Cardenas Oyola, Kelly Yurany Cadena Calderon, and

their two children petition for review of a decision by the Board of Immigration

Appeals ("BIA") denying their applications for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). Our review is limited to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

those grounds "explicitly relied upon" by the BIA. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

1.  Substantial evidence supports the BIA's denial of Petitioners' claims for asylum and withholding of removal. Petitioners fail to demonstrate that their proposed social group of "former members of small business owners in Colombia" is cognizable. A particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024) (quoting *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020)).

In *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883–84 (9th Cir. 2021), we held that a similar proposed group of "wealthy business owners" was not cognizable because being a business owner is "not fundamental to an individual's identity" and therefore "not an immutable characteristic." Such a group also "lacks particularity because it could include large swaths of people and various cross-sections of a community." *Id.* at 883. In the case before us, Petitioners' only evidence of the social distinction of "former members of small business owners in Colombia" is their testimony that such individuals are often targeted and threatened. But "even when testimony is credible," establishing a group's social

distinction "ordinarily demand[s] some type of corroborative, objective evidence." *Diaz-Torres v. Barr*, 963 F.3d 976, 982 (9th Cir. 2020). There is nothing in the record that differentiates the proposed particular social group in the case before us from the group proposed in *Macedo Templos*.

Petitioners also did not establish a nexus between their proposed particular social group and feared future harm. Petitioners concede that they were targeted only because of their money and economic success. Where the record reflects "persecution solely on account of an economic motive," "our precedent precludes relief." *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004); *see also Ayala v. Sessions*, 855 F.3d 1012, 1020–21 (9th Cir. 2017).

2. Substantial evidence also supports the BIA's denial of Petitioners' claim for relief under CAT. To be eligible for protection under CAT, an applicant "must establish a prima facie case that 'it is more likely than not that . . . [they] would be tortured if removed to the proposed country of removal.'" *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)).

"Past torture is the first factor we consider in evaluating the likelihood of future torture." *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005). Petitioners do not present evidence that they have experienced physical harm or violence, and their mental harm does not rise to the level of the kind of "severe pain or suffering" required to establish torture. 8 C.F.R. § 1208.18(a)(1). They

present country conditions evidence of violence and abuse perpetrated by the Colombian government, but "[g]eneralized evidence of violence and crime is insufficient to establish a likelihood of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). Petitioners thus fail to demonstrate that they "face[] a particularized, ongoing risk of future torture." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022).

3. Finally, remand for the BIA to consider Petitioners' claim for humanitarian relief under 8 C.F.R. § 1208.13(b)(1)(iii) is unwarranted. Humanitarian asylum under this provision provides a narrow path to relief for applicants who successfully establish past persecution based on a protected ground before an agency but subsequently have their resulting presumption of a well-founded fear of future persecution rebutted. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004); 8 C.F.R. § 1208.13(b)(1)(iii). Here, neither the Immigration Judge nor the BIA found that Petitioners successfully established past persecution on the basis of a protected ground. The statutory provision governing humanitarian relief is therefore inapplicable to their case. Where "the law dictates the outcome that the agency must reach," remand is unwarranted. *Park*, 72 F.4th at 978.

**PETITION DENIED.**