**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSA MARITZA GASPAR ALONZO; ASHLY DAYANA MARQUEZ GASPAR; ENZO ABELARDO MARQUEZ GASPAR, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 18-71196 <br><br> Agency Nos.  A202-017-845 <br>               A202-017-846 <br>               A202-017-847 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2026[**]
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Rosa Maritza Gaspar Alonzo and her two minor children (collectively, "Gaspar"), natives and citizens of Guatemala, petition for review of a Board of Immigration Appeals ("BIA") decision dismissing their appeal of an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Where, as here, "the BIA conducts its own review of the evidence and law," we review the BIA's decision and those parts of the IJ's decision that the BIA expressly adopts. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review the denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of asylum and withholding of removal. To be eligible for asylum, Gaspar "has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, she must "prove that it is more likely than not" that she will be persecuted in Guatemala "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A). "For both asylum and withholding claims, [Gaspar] must prove a causal nexus between one of her statutorily protected characteristics and either her

past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Likewise, to be eligible for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii), Gaspar must show that she suffered past persecution on account of a protected characteristic. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1080–81 (9th Cir. 2004).

Here, substantial evidence supports the agency's denial of asylum and withholding of removal because Gaspar did not establish a nexus between any persecution and a protected characteristic. The agency concluded that Gaspar's persecutor, Domingo, was motivated by the collection of private debts owed to him by Gaspar's father and then-husband, not by Gaspar's race or other protected characteristics. The record does not compel a contrary conclusion because all of Domingo's threats to Gaspar and her family members centered around demands for repayment. *See Rodriguez-Zuniga*, 69 F.4th at 1020–21 (upholding a no-nexus determination where threats against a family member were "an instrumental means to obtain money" and were not motivated by "animus towards their family"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (noting that "[p]urely personal retribution" is not persecution "on account of" a protected ground (citation omitted)).

2. Substantial evidence supports the denial of CAT relief. "To qualify for CAT relief, a petitioner must show that she more likely than not will be tortured if she is removed to her native country." *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). "To constitute torture, an act must inflict severe pain or suffering, and it must be undertaken at the instigation of, or with the consent or acquiescence of, a public official." *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (quotation marks and citation omitted); *see also* 8 C.F.R. § 1208.18(a)(1).

Here, the record does not compel a finding that Gaspar has been tortured in Guatemala. Moreover, as the IJ found, there is no evidence that any Guatemalan government official is interested in torturing Gaspar. Although Gaspar testified that the police failed to assist her when she and her family were threatened by Domingo, that does not demonstrate that the police would acquiesce in her future torture by private actors. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("[A] government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." (citation omitted)). And although country conditions evidence demonstrates that Guatemala faces problems with crime and corruption, the record does not compel the conclusion that these problems create a particularized risk of torture for Gaspar. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (explaining that "generalized evidence of violence and crime" that "is not particular to Petitioners . . . is insufficient to meet [the CAT relief]

standard").  For these reasons, the record does not compel the conclusion that Gaspar

is entitled to CAT relief.

**PETITION DENIED.**[1]

---

[1] Gaspar's motion to stay removal, Dkt. 1, is denied.  The temporary stay of removal shall remain in place until the mandate issues.