**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREA ROJAS-RIOS, CARLY DE LEON-ROJAS,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 18-73380<br><br>Agency Nos.<br>A208-179-768<br>A208-179-769<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026[**]
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and BLUMENFELD JR.,
District Judge.[***]

Andrea Rojas-Rios and her minor child, natives and citizens of Guatemala,

petition for review of the Board of Immigration Appeals' ("BIA") dismissal of her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stanley Blumenfeld Jr., United States District Judge for the Central District of California, sitting by designation.

appeal of an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief.  Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We deny the petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252.  "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir. 2004) (citation omitted).  We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019).  Factual findings are supported by substantial evidence "unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020)).

I

The IJ had jurisdiction over the removal proceedings even though the initial notice to appear was deficient under 8 C.F.R. § 1003.15(b)(6).  A defective notice to appear does not deprive the immigration court of jurisdiction.  *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190-91 (9th Cir. 2022) (en banc).  Any defects in the initial notice to appear were cured when Rojas-Rios received a later notice that included the correct date, time, and address for her hearing.  *See Aguilar*

2

*Fermin v. Barr*, 958 F.3d 887, 893-95 (9th Cir. 2020).

II

The agency did not err by denying Rojas-Rios's application for asylum. First, Rojas-Rios has failed to establish her eligibility for asylum on the basis of past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). The agency concluded that Rojas-Rios failed to demonstrate that a protected ground was a reason for the harm she suffered. Rojas-Rios fails to "specifically and distinctly" argue in her opening brief why the agency erred in doing so, and has therefore forfeited review of this dispositive "no nexus" determination. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). Even if we did review the agency's "no nexus" determination, we see no reason to disturb it. Although rape "may support a finding of past persecution," "an applicant must still demonstrate that the rape was on account of a statutorily protected ground." *Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1075 (9th Cir. 2004) (citation modified). Byron and Jairo's sexual assaults were undeniably horrific. But there is no evidence in the record to suggest that these assaults were driven by a statutorily protected ground.

Second, Rojas-Rios has failed to establish her eligibility for asylum on the basis of a well-founded fear of future persecution. *Duran-Rodriguez*, 918 F.3d at

3

1029. ("Absent evidence of past persecution, [an applicant] must establish a well-founded fear of future persecution.") Rojas-Rios has not identified a cognizable particular social group to which she would belong upon returning to Guatemala. All of the particular social groups which Rojas-Rios raised in front of the agency involved minors, but Rojas-Rios is no longer a minor. Though Rojas-Rios proposes a particular social group of "women who are victims of domestic violence" in her opening brief, we are unable to consider this claim because it was not first raised to the agency. *See* 8 U.S.C. § 1252(d)(1) (holding that exhaustion of administrative remedies is required); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (exhaustion requirement of section 1252(d)(1) is "mandatory" if a party "properly raises it" (citations omitted)). Because Rojas-Rios has also failed to show that any future harm would be on account of a protected ground, she is ineligible for asylum.

## III

The agency did not err by refusing to grant Rojas-Rios humanitarian asylum. As discussed above, Rojas-Rios failed to "establish past persecution on account of a protected ground." *Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004).

IV

The agency did not err by denying Rojas-Rios's withholding of removal claim. The failure to establish a nexus to a protected ground is also fatal to this claim. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016); *Rodriguez-Zuniga v. Garland*, 69 4th 1012, 1023 (9th Circ. 2023) (both asylum and withholding claims failed when protected ground is not "a reason" for past persecution).

V

The agency did not err by denying Rojas-Rios's application for CAT relief. There is little evidence in the record to suggest that it is "more likely than not" that Rojas-Rios would be tortured if removed to Guatemala. 8 C.F.R. § 1208.16(c)(2). Rojas-Rios has not had any contact with Byron since her childhood. Similarly, she has only had minimal contact with, and has not been harmed by, Jairo since she left his house in 2011. Nor does Rojas-Rios identify evidence in the record sufficient to establish that any torture would be "by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

**PETITION DENIED.**

5